UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| TAMMY JAVIER,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>        Plaintiff,<br>v<br><br>ALLIED INTERSTATE, LLC,<br><br>        Defendant. | Civil Action, File No.<br>2:18-cv-02875-JMA-AKT |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Tammy Javier [hereinafter "Javier"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Allied Interstate, LLC [hereinafter "AI"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on AI's regular transaction of business within this district.  Venue in this district also is proper based on AI possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  AI also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Javier is a natural person residing at 266 N. Centre Avenue, Apt. 133B, Rockville Centre, NY 11570.

6. Javier is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about December 13, 2016, AI sent Javier the letter annexed as Exhibit A. Javier received and read Exhibit A. For the reasons set forth below, Javier's receipt and reading of Exhibit A deprived Javier of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, AI sent Exhibit A to Javier in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a Gap Visa Card by Synchrony Bank for her individual use, individually incurring charges by using the credit card, and then, as an individual, failing to pay for these charges. A Gap Visa Card is a credit card issued to consumers for use at Gap and other affiliated retail clothing stores and Gap and other affiliated retail clothing stores sell goods used primarily by consumers primarily for personal, family or household purposes. AI, via Exhibit A, attempted to collect this past due debt from Javier in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. AI is a Minnesota Domestic Limited Liability Company and a New York Foreign Limited

Liability Company.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

12. AI possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

13. Based upon Exhibit A and upon AI possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of AI is the collection of debts using the instrumentalities of interstate commAIe, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. On Exhibit A, AI sets forth that it is a debt collection company attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

15. Based upon the allegations in the above four paragraphs, AI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**FIRST CAUSE OF ACTION-CLASS CLAIM**

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

17. Exhibit A set forth an "Amount Owed" of $3,620.00.

18. At the time Javier filed bankruptcy on February 16, 2017, over two months after the date of Exhibit A, Javier owed Synchrony Bank at least $3,736.00 for the debt which is the

subject of Exhibit A.  See Exhibit B.

19. Based on the above, Synchrony Bank continued to accrue interest, late charges, and/or other charges on the "Amount Owed" set forth in Exhibit A.

20. Exhibit A does not set forth a date by which Javier could pay the "Amount Owed" in order to satisfy the debt set forth in Exhibit A.

21. Based on Synchrony Bank continuing to accrue interest, late charges, and/or other charges on the "Amount Owed" set forth in Exhibit A and Exhibit A not setting forth a date by which Javier could pay the "Amount Owed" in order to satisfy the debt set forth in Exhibit A, Javier's prompt payment of the "Amount Owed" set forth in Exhibit A could not have satisfied the debt set forth in Exhibit A.

22. Exhibit A failed to notify Javier that her "Amount Owed" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

23. For one or more of the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692 and 15 USC § 1692e by sending Exhibit A to Javier.

## SECOND CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

25. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

27. As a result of sending Exhibit A to Javier, Defendant violated of 15 USC 1692g.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

29. The class consists of (a) all natural persons (b) who received a letter from AI dated between December 13, 2016 and the present (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

30. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

32. The predominant common question is whether Defendant's letters violate the FDCPA.

33. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

34. A class action is the superior means of adjudicating this dispute.

35. Individual cases are not economically feasible.

    **WHEREFORE**, Plaintiff requests the following relief:

    1. A Judgment against AI in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

    2. Any and all other relief deemed just and warranted by this court.

Dated: November 1, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107